NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000052
22-MAY-2018
10:33 AM

NO. CAAP-18-0000052

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


LILLIAN M. JONES, M.D.,
Plaintiff/Counterclaim Defendant-Appellant,
v.
HAWAII MEDICAL BOARD,
Defendant/Counterclaim Plaintiff-Appellee,
and
AHLANI K. QUIOGUE, EO, and CONSTANCE I. CABRAL, EO,
Defendants-Appellees,
and
JOHN DOES 1-20, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-1958)


ORDER
DISMISSING APPEAL FOR LACK APPELLATE JURISDICTION
AND
DISMISSING AS MOOT ALL PENDING MOTIONS IN CAAP-18-0000052
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Plaintiff/Counterclaim-Defendant/Appellant Lillian M. Jones's (Dr. Jones), pro se, appeal from the Honorable James H. Ashford's December 29, 2017 summary judgment order and the Honorable Rhonda A. Nishimura's April 19, 2017 order of dismissal in Civil No. 15-1-001958.

An aggrieved party cannot obtain appellate review of a circuit court's dispositive orders in a civil case pursuant to Hawaii Revised Statutes (HRS) § 641-1(a)(2016) until the circuit court reduces the dispositive orders to a final judgment as to

all claims and parties pursuant to Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP). See Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). "[B]ased on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008). The circuit court has not yet reduced its dispositive rulings to a separate judgment, and, thus, the appealed orders are interlocutory and ineligible for appellate review at this time.

The Supreme Court of Hawaiʻi recently held that, when the record on appeal indicates that the circuit court has resolved all claims against all parties, and the only thing lacking to perfect an aggrieved party's right to obtain appellate review is the entry of an appealable final judgment, the Hawaiʻi Intermediate Court of Appeals should invoke HRS § 602-57(3) (2016), and temporarily remand the case to the circuit court with instructions to enter, and supplement the record on appeal with, an appealable final judgment as to all claims and parties. Waikiki v. Hoʻomaka Village Association of Apartment Owners, 140 Hawaiʻi 197, 204, 398 P.3d 786, 793 (2017). However, the holding in Waikiki is distinguishable, because the circuit court in the instant case has not yet adjudicated Defendant/Counterclaim-Plaintiff/Appellee Hawaiʻi Medical Board's counterclaim against Dr. Jones, which is still pending before the circuit court. Where, as here, the record on appeal does not indicate that the circuit court has resolved all claims as to all parties, a temporary remand with instructions to enter an appealable final judgment on all claims (including the unresolved claims) is neither warranted nor authorized under HRS § 602-57(3) and the holding in Waikiki. In the absence of an appealable final judgment as to all claims and parties, Dr. Jones's appeal is premature and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000052 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-18-0000052 are dismissed as moot.

DATED: Honolulu, Hawaiʻi, May 22, 2018.

Presiding Judge

Associate Judge

Associate Judge